UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------

```
┌─────────────────────────────┐
│ USDC SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #: _____              │
│ DATE FILED: 9/29/16         │
└─────────────────────────────┘
```

UNITED STATES OF AMERICA

            -against-                    15 Cr. 779-01 (RWS)

                                              SENTENCING
HAI FAN HUANG,                                 OPINION
AKA "CINDY HUANG,"


                        Defendant.

-----------------------------------------X

**Sweet, D.J.**


On April 28, 2016, Hai Fan Huang ("Defendant" or "Huang")
pleaded guilty to one count of conspiracy to traffic in
counterfeit goods, with which she was charged in a two-count
information filed November 9, 2015. Based on the conclusions set
forth below, Huang will be sentenced to six (6) months'
imprisonment, followed by three (3) years' supervised release,
subject to the scheduled sentencing hearing on October 5, 2016.
Huang is also required to pay a $50,000 fine and a special
assessment of $100.

**Prior Proceedings**

Huang is named in a two-count information filed in the
Southern District of New York on November 9, 2015. Count One
charged that from about November 2014 up to and including
October 2015, in the Southern District of New York and
elsewhere, Huang and her husband Le Fu Chen, also known as Tommy
Chen or Danny Chen (Huang's "Codefendant" or "Chen"), conspired
with others to traffic in counterfeit goods and import luxury
and designer brand goods into the United States, in violation of
18 U.S.C. § 2320. Count Two charged that from about November
2014 up to and including October 2015, in the Southern District
of New York and elsewhere, Huang and Chen imported luxury and
designer brand counterfeit goods into the United States, in
violation of 18 U.S.C. §§ 2320 and 2.

As a result of committing the offenses in violation of 18
U.S.C. § 2320 as alleged in Counts One and Two, the information
directed Huang to forfeit to the United States, pursuant to 21
U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 any property, real or
personal, which constitutes or is derived from proceeds
traceable to the offenses.

Huang is scheduled to be sentenced October 5, 2016.

2

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

    (1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)   the need for the sentence imposed —

        (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B)   to afford adequate deterrence to criminal conduct;

        (C)   to protect the public from further crimes of the defendant; and

        (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3)   the kinds of sentences available;

    (4)   the kinds of sentence and the sentencing range established for —

        (A)   the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

3

(5)   any pertinent policy statement [issued by the Sentencing Commission];

(6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)   the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).  A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not.  See Crosby, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Defendant's personal and family history.

**The Offense Conduct**

The Court adopts the facts set forth in the PSR with respect to the offense conduct. These facts are summarized, in brief form, below.

Beginning in January 2015, law enforcement agents ("Agents") spoke with employees at postal service businesses, where importers of foreign contraband often direct their shipments to avoid providing personal identifying information, and determined that Chen would often retrieve packages from the postal service businesses. On January 13, 2015, a confidential informant revealed that an individual by the name of "Tom" and matching Chen's description delivered counterfeit goods to multiple retail locations in New York, New York.

On May 7, 2015, Agents conducted surveillance of Huang's home and observed Huang and Chen take objects from Huang's vehicle to the curb. Agents recovered from the curb customs receipts, shipping labels, and paraphernalia associated with designer product fraud. Items seized in association with the addresses found on the shipping labels included 1,200 pairs of counterfeit sunglasses. Huang and Chen also maintained at least six storage units. More than 130,000 counterfeit goods were found in the storage units, including luxury and designer watches and sunglasses. In addition, at least 492 pairs of counterfeit sunglasses were found in business suites used and rented by Huang and Chen.

Flight manifests showed that Chen traveled to China on September 16, 2015, returning on October 4, 2015, in travel believed to be associated with his business dealings. Huang was able to maintain the business, including collecting goods from storage lockers, while her husband was out of the country. During the course of the investigation, it was learned that prior to the current investigation, Chen previously had goods seized by Customers and Immigration Enforcement.

On October 15, 2015, Huang and Chen were arrested. The retail value of the more than 130,000 counterfeit goods was determined to be $2,961,428.

## The Relevant Statutory Provisions

For Count One of the Information, to which Huang pleaded guilty, the maximum term of imprisonment is 10 years and the maximum fine is $2,000,000. 18 U.S.C. § 2320. A special assessment of $100 per count is mandatory. 18 U.S.C. § 3013. The Court may impose a term of supervised release of not more than three years. 18 U.S.C. § 3583(b)(2). Multiple terms of supervised release shall run concurrently. 18 U.S.C. § 3624(e).

The defendant is eligible for not less than one nor more than five years' probation because the offense of conviction is a Class C felony. 18 U.S.C. § 3561(c)(1). Multiple terms of probation shall run concurrently. 18 U.S.C. § 3564(b).

**The Guidelines**

The 2015 edition of the United States Sentencing Commission Guidelines Manual, incorporating all Guideline amendments, has been used in this case for calculation purposes. U.S.S.G. § 1B1.11.

For Count One, to which Defendant pleaded guilty, the Guideline for 18 U.S.C. § 2320 offenses is found in U.S.S.G. § 2B5.3. That section yields a base offense level of 8. U.S.S.G. § 2B5.3(a). The parties agree to use the retail value of the offense, $2,961,428, to calculate the offense level. U.S.S.G. § 2B5.3, Application Note 5. This corresponds to an increase of 16 levels because the infringement amount would be more than $1,500,000 but less than $3,500,000. U.S.S.G. §§ 2B5.3(b)(1)(B) and 2B1.1(b)(1)(M). An additional increase of two levels is warranted because the offense involved the importation of infringing items. U.S.S.G. § 2B5.3(3)(A).

7

Because Huang was a minor participant in the criminal
activity, a decrease of two levels is warranted. U.S.S.G. §
3B1.2. Assuming Defendant clearly demonstrates acceptance of
responsibility, the Government has agreed to move for a two-
level sentence reduction pursuant to Section 3E1.1(a) and a one-
level reduction pursuant to Section 3E1.1(b) because Defendant
gave timely notice of her intention to enter a guilty plea. The
total offense level is 21.

Defendant has no criminal history points; therefore, the
Criminal History Category is I.

Based on the total offense level of 21 and a Criminal
History Category of I, the Guideline imprisonment range is 37 to
46 months. As a Class C felony, the Guideline range for Count
One for a term of supervised release is one to three years.
U.S.S.G. § 5D1.2(a)(2). Since the applicable Guideline range is
in Zone D of the Sentencing Table, Huang is ineligible for
probation. U.S.S.G. § 5B1.1, Application Note 2.

The fine range identified in the Guidelines is $15,000 to
$150,000. U.S.S.G. § 5E1.2(c)(3). If Defendant is convicted
under a statute authorizing (a) a maximum fine greater than
$250,000, or (b) a fine for each day of violation, the Court may

8

impose a fine up to the maximum authorized by statute.  U.S.S.G.
§§ 5E1.2(c)(4), 5E1.2(h)(1).  Therefore, the applicable fine
range is $15,000 to $2,000,000. 18 U.S.C. § 2320.

Costs of prosecution shall be imposed on Defendant if
required by statute.  U.S.S.G. § 5E1.5.  In determining whether
to impose a fine and the amount of such a fine, the Court shall
consider, among other factors, the expected costs to the
government of any term of probation, or term of imprisonment and
term of supervised release imposed.  U.S.S.G. § 5E1.2(d)(7); 18
U.S.C. § 3572(a)(6).  These costs may include drug and alcohol
treatment, electronic monitoring, and/or contract confinement
costs.  The most recent advisory from the Administrative Office
of the United States Courts, dated June 16, 2015, provides a
daily cost of $84, a monthly cost of $2,552, and an annual cost
of $30,621 for imprisonment.

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also
gives due consideration to the remaining factors identified in
18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not
greater than necessary," as is required by the Supreme Court's

decision in <u>Booker</u>, 543 U.S. 220, and the Second Circuit's decision in <u>Crosby</u>, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," <u>Kimbrough v. United States</u>, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), having considered the Guidelines and all of the factors set forth in § 3553(a), and having reviewed sentencing memoranda from the Government and the Defendant, the Court has decided to depart downward pursuant to U.S.S.G. § 5K1.1.

## The Sentence

For the instant offenses, Hai Fan Huang shall be sentenced six (6) months' imprisonment, with a three (3) year term of supervised release. Huang shall serve her sentence in a staggered manner with her husband, Le Fu Chen. Huang will serve her sentence prior to Chen serving his sentence. As mandatory conditions of her supervised release, Defendant shall:

(1)  Not commit another federal, state, or local crime.

(2)  Not illegally possess a controlled substance.

(3)  Not possess a firearm or destructive device.

The standard conditions of supervision (1-13) are

recommended with the following special conditions:

(1)   Defendant is to report to the nearest Probation Office
      within 72 hours of release from custody.

(2)   Defendant is to be supervised by the district of
      residence.

(3)   Defendant shall obey the immigration laws and comply
      with the directives of immigration authorities.

(4)   Defendant shall provide the probation officer with
      access to any requested financial information.

(5)   Defendant shall not incur new credit charges or open
      additional lines of credit without the approval of the
      probation officer unless Defendant is in compliance
      with the installment payment schedule.

It is further ordered that Defendant shall pay to the

United States a special assessment of $100, which shall be due

immediately.


Defendant shall pay a fine of $50,000, paid in monthly

installments of $150 over a period of supervision to commence 30

days after the release from custody. If Defendant is engaged in

a BOP non-UNICOR work program, the defendant shall pay $25 per

quarter toward the criminal financial penalties. However, if the

defendant participates in BOP's UNICOR program as a grade 1

through 4, the Defendant shall pay 50% of her monthly UNICOR

earnings toward the criminal financial penalties, consistent
with BOP regulations, 28 C.F.R. § 545.11.

Defendant shall forfeit her interest in any property
traceable to the commission of offenses to the United States.
See Fed. R. Crim. P. 32.2; 18 U.S.C. § 1951; 21 U.S.C. § 853; 28
U.S.C. § 2461. As a result of committing the offenses alleged in
Count One, Defendant shall forfeit to the United States all
property derived from the proceeds of the offense. 18 U.S.C. §
981(a)(1)(C); 28 U.S.C. § 2461.

Defendant is eligible for voluntary surrender. She has
maintained compliance with all the terms and conditions of her
pretrial release and kept all court appearances. She is not
viewed as a flight risk or a danger to the community.

It is so ordered.

New York, NY
September 29, 2016

ROBERT W. SWEET
U.S.D.J.

12